PATRICIA LOMONT, an Infant, by MAX LOMONT, Her Father, et al., Appellants, v. BOARD OF EDUCATION OF THE CITY OF MOUNT VERNON et al., Respondents.—In a negligence action to recover damages for personal injuries sustained by the infant plaintiff and for loss of services, etc., of her father, plaintiffs appeal from a judgment of the Supreme Court, Westchester County, entered June 21, 1972 in favor of defendants, upon the trial court's dismissal of the complaint as to defendant Brown at the close of plaintiffs' case and upon a jury verdict as to defendant Board of Education. Judgment affirmed, without costs. No opinion. Munder, Acting P. J., Martuscello and Brennan, JJ., concur; Shapiro, J., concurs in the affirmance as to the defendant Board of Education and otherwise dissents and votes to reverse the judgment insofar as it is in favor of defendant Brown and to grant a new trial as to the latter, with the following memorandum, in which Christ, J., concurs: The dismissal by the trial court of plaintiffs' complaint at the close of their case (as against defendant Brown) was erroneous. The proof presented a justiciable issue of fact as to Brown's negligence which should have been submitted to the jury. In the posture of this case it is difficult to understand how the court could, as it did, submit to the jury the issue of negligence of the defendant Board of Education and yet hold as a matter of law that there was no issue of negligence to be submitted as to the individual defendant Brown, the alleged actual tortfeasor. Under the circumstances, the judgment appealed from should be reversed insofar as it is in favor of defendant Brown and a new trial should be granted as to him. In submitting the case to the jury against the defendant Board of Education, the trial court refused a request to charge that the wit-

ness Poalucci, the board's employee, was an interested witness as a matter of law, since he was charged with the prime duty of supervising the playing field in question. This was error (cf. *Schiffer* v. *Korman*, 40 A D 2d 681; *Coleman* v. *New York City Tr. Auth.*, 41 A D 2d 812; 1 N Y PJI 64–65). However, under the particular facts in this case, we do not consider the error sufficiently prejudicial to warrant a reversal of the judgment insofar as it is in favor of the defendant Board of Education because, in our opinion, a contrary verdict as to the board would have been against the weight of the evidence.